# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VERNA IP HOLDINGS, LLC,  )<br>    Plaintiff,          )<br>                         )    Civil Action No. 6:23-cv-00373<br>v.                       )<br>                         )<br>ALERT MEDIA, INC.        )    JURY TRIAL DEMANDED<br>    Defendant.           ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Verna IP Holdings, LLC ("Verna") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 11,403,932 ("the '932 patent") (referred to as the "Patent-in-Suit") by Alert Media, Inc. ("Alert").

### I.  THE PARTIES

1.  Plaintiff, Verna IP Holdings, LLC, is a New Mexico Limited Liability Company with its principal place of business located in Albequerque, New Mexico.

2. On information and belief, Alert is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 1250 Capital of Texas Highway, South Building 3, Suite 400, Austin, TX 78746 and 3010 Bee Cave Rd., #325, Austin, TX 78746. On information and belief, Alert sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served at its place of business and its registered agent at Capitol Corporate Services, 206 E. 9th Street, Suite 1300, Austin, TX 78701 or wherever they may be found.

### II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '932 Patent

6. On August 2, 2022, U.S. Patent No. 11,403,932 ("the '932 patent", attached as Exhibit A) entitled "Digitized Voice Alerts" was duly and legally issued by the U.S. Patent and Trademark Office. Verna owns the '932 patent by assignment.

7. The '932 patent relates to a novel and improved methods, systems and processor-readable media for providing instant/real-time Voice alerts automatically to remote electronic devices.

8. Alert maintains, operates, and administers devices/products and systems that infringe one or more claims of the '932 patent, including one or more of claims 1-18, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '932 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. The claimed technology of the '932 patent relates generally to methods, systems and processor-readable media for providing automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices. Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, providing an audible notification to a driver of a vehicle so they are not distracted. As well, the patent specification provides that such notifications were not possible prior to the claimed invention in a Personal Localized Alerting Network ("PLAN"). Further, embodiments of the invention provide an improved and efficient approach for transmitting or broadcasting instant voice alerts to remote electronic devices automatically during times of emergency or security monitoring to save lives and resources. Yet further embodiments are describerd as working with "push technology," for instant push notification. Moreover, Alert has known of the '932 patent, or should have known of it, and the technology underlying it from at least the filing date of *Verna IP Holdings, LLC v. Alert Media, Inc.*, 6:21-cv-422.

10. Support for the allegations of infringement may be found in the attached Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Alert has and continues to induce infringement. Alert has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for providing instant/real-time Voice alerts automatically to remote electronic devices such as to cause infringement of one or more of claims 1–18 of the '932 patent, literally or under the doctrine of equivalents. Moreover, Alert has known of the '932 patent, or should have known of it, and the technology underlying it from at least the filing date of *Verna IP Holdings, LLC v. Alert Media, Inc.*, 6:21-cv-422.

12. Alert has and continues to contributorily infringe. Alert has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for providing instant/real-time Voice alerts automatically to remote electronic devices such as to cause infringement of one or more of claims 1–18 of the '932 patent, literally or under the doctrine of equivalents. The compoennets marketed and sold by Alert do not have any substantial non-infringing uses. Moreover, Alert has known of the '932 patent, or should have known of it, and the technology underlying it from at least at least the filing date of *Verna IP Holdings, LLC v. Alert Media, Inc.*, 6:21-cv-422.

13. Alert has caused and will continue to cause Verna damage by direct and indirect infringement of (including inducing infringement of) the claims of the '932 patent.

## IV. JURY DEMAND

Verna hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Verna prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '932 patent;

b. award Verna damages in an amount sufficient to compensate it for Defendant's infringement of the claims of the '932 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Verna an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Verna its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Verna such other and further relief as this Court deems just and proper.

       Respectfully submitted,

       **Ramey LLP**

       */s/ William P. Ramey, III*
       William P. Ramey, III
       Texas State Bar No. 24027643
       5020 Montrose Blvd., Suite 800
       Houston, Texas 77006
       (713) 426-3923 (telephone)
       (832) 900-4941 (fax)
       wramey@rameyfirm.com

       *Attorneys for Verna IP Holdings, LLC*