IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br><br>  Plaintiff,<br><br> v.<br><br>**ALERT MEDIA, INC.,**<br><br>  Defendant. | C.A. No. 6:23-cv-00373-ADA<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT ALERT MEDIA, INC.'S MOTION TO DISMISS FOR FAILURE TO SERVE

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Defendant Alert Media, Inc. ("Alert Media") files this Motion to Dismiss for Failure to Serve. Rule 4(m) provides that if a defendant is not served within 90 days of the filing of the complaint, the court may dismiss the action:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--*must dismiss the action without prejudice* against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(FED. R. CIV. P. 4(m) (emphasis added).) Proper service of a summons and complaint is jurisdictional. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).

Verna IP Holdings, LLC ("Verna") filed its Original Complaint for Patent Infringement in this case on May 16, 2023. (Dkt. 1.) Consequently, Verna was required to serve Alert Media with process by August 14, 2023. To date, Alert Media has not been served with process in accordance with Rule 4(m) and Verna has not filed proof of service.

1

In light of Verna's failure to serve in accordance with the Federal Rules, Alert Media requests that the Court dismiss this matter without prejudice. The Court should dismiss Verna's suit because Verna failed to comply with Rule 4(m), and Verna has not been diligent in prosecuting its case. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Magnuson v. Electronic Data Systems Corp.*, 252 F.3d 436, 2001 WL 360841 (5th Cir. 2001); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459 (5th Cir. 2007); Fed. R. Civ. P. 41(b). Dismissal is appropriate unless good cause is presented. *Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999). This Court has dismissed cases under similar circumstances for plaintiff's failure to comply with Rule 4(m). *See, e.g., Kim v. Bible Study Fellowship*, No. CV SA-22-CA-01142-FB, 2023 WL 5436357 (W.D. Tex. Aug. 23, 2023).

WHEREFORE, Defendant Alert Media requests that the Court grant this Motion to Dismiss for Failure to Serve and (i) dismiss this case without prejudice, and (ii) for such other and further relief as the Court deems just and proper.

Dated: September 5, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Philip G. Brown
    pgbrown@fr.com
    Texas Bar No. 24132695

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on September 5, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ Neil J. McNabnay*
    Neil J. McNabnay