IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br><br>         Plaintiff,<br><br>     v.<br><br>**ALERT MEDIA, INC.,**<br><br>         Defendant. | C.A. No. 6:23-cv-00373-ADA<br><br>**JURY TRIAL DEMANDED** |

### ALERT MEDIA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE

Defendant Alert Media, Inc. ("Alert Media" or "Defendant") opposes Plaintiff Verna IP Holdings, LLC's ("Verna" or "Plaintiff") Motion to Enlarge Time to Serve. Verna failed to serve Alert Media within the time required by Rule 4(m). Under that Rule the Court "must" dismiss this case. Verna did not even attempt to meet the standard for good cause for this failure to comply with the Rules.

**I.    ARGUMENT**

Under Rule 4(m) of the Federal Rules of Civil Procedure, if a plaintiff fails to serve a complaint within 90 days of filing, the court "must dismiss the action without prejudice" or order service within a specified time "if the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). Verna has failed on both fronts, and as such, this case should be dismissed without prejudice.

**A.    Verna Did Not Serve the Complaint Within 90 Days or Show Good Cause**

Verna's Motion does not dispute that it failed to serve the Complaint within 90 days and provides no showing of good cause for this failure to comply with Rule 4(m). Verna filed its Complaint in this case on May 16, 2023. (Dkt. 1.) Consequently, Verna was required to serve Alert Media with process by August 14, 2023. Verna did not make any attempt to serve the Complaint

1

to either Alert Media or Alert Media's counsel prior to this date. Its motion does not suggest that any attempts were timely attempted. Nor did it offer any such proof. This is uncontested.

Verna's only argument for why an extension is necessary is that "Verna has made numerous good faith attempts to serve Alert." (Dkt. 8.) But none of these attempts were made prior to the 90-day deadline of Rule 4(m). Rather, Verna merely attempts to circumvent both the 90-day service deadline and good cause requirements by simply serving the complaint after the deadline and providing no showing of good cause. On September 6, 2023, Alert Media filed a motion to dismiss for failure to serve. (Dkt. 7.) On September 12, 2023, well after the August 14 deadline, Verna's counsel requested permission to serve Alert Media through counsel. (Dkt. 8-1 at 3 (September 12, 2023 Email fr. B. Ramey).) Verna provided no explanation for its failure to comply with Rule 4(m). Then on September 22, 2023—129 days after filing the Complaint—Verna served Alert Media by formal process. (Dkt. 9.) Both of these service attempts were outside of the 90-day deadline required by Rule 4(m) and are therefore improper. Verna made no attempt to serve the Complaint in compliance with Rule 4(m) and offers no good cause. *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999) ("[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."). Simply stating that service attempts were made after the deadline does not provide any showing of good cause for this failure.

**B.   Verna Did Not Respond to Alert Media's Motion to Dismiss**

Additionally, Verna has not responded to Alert Media's Motion to Dismiss for Failure to Serve. (Dkt. 7.)  Following Verna's failure to comply with the service requirement, Alert Media filed this motion on September 6, 2023. According to Local Rule CV-7(e)(2), a "response to a dispositive motion shall be filed ***no later than 14 days after the filing of the motion***.... If there is no response filed within the time period prescribed by this rule, ***the court may grant the motion***

*as unopposed*." (emphasis added.) Verna's response was due on September 20, 2023. Consequently, Alert Media's Motion to Dismiss should be granted as unopposed because no opposition or response was submitted.

This is not the first time Verna has missed deadlines against Alert Media. On August 22, 2023, this Court found Verna's previous conduct in a case against Alert Media exceptional and ordered Verna pay $48,076.50 in attorneys' fees within 30 days. *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2023 WL 5918320 (W.D. Tex. Sept. 11, 2023). Payment was due by September 21, 2023. To date, Verna has not complied with this Court's order. Additionally, Verna missed a similar response deadline for a motion to dismiss in this same previous case against Alert Media. *See Verna IP Holdings, LLC, v. Alert Media, Inc.*, No. 6:21-cv-00422-ADA (W.D. Tex. July 29, 2021) (Dkt. 13).

In fact, Verna's counsel has repeatedly missed similar deadlines in other cases as well. *See e.g., Safecast Ltd. v. Paramount Global*, No. 6:22-cv-682-ADA (W.D. Tex. Dec. 16, 2022) (Dkt. 20) (granting motion to dismiss as unopposed for plaintiff's failure to timely respond and explaining that plaintiff' counsel "has already been chastised by this Court for his repeated failure to file in a timely manner"); *MCOM IP, LLC v. CSI, Inc.*, No. 6:21- cv-00196-ADA) (W.D. Tex. Dec. 15, 2021) (Dkt. 28) (filing late response to motion to stay). Verna's pattern of missed deadlines and Verna's counsel's repeated dilatory behavior should not be permitted, and this Court should grant Alert Media's now unopposed Motion to Dismiss.

## II.   CONCLUSION

For the foregoing reasons, Alert Media respectfully requests that the Court deny Verna's Motion to Enlarge Time and grant Alert Media's Motion to Dismiss (Dkt. 7).

|  |  |
|---|---|
| Dated: October 4, 2023 | Respectfully submitted,<br><br>FISH & RICHARDSON P.C.<br><br>By: */s/ Neil J. McNabnay*<br>Neil J. McNabnay<br>mcnabnay@fr.com<br>Texas Bar No. 24002583<br>David B. Conrad<br>conrad@fr.com<br>Texas Bar No. 24049042<br>Philip G. Brown<br>pgbrown@fr.com<br>Illinois Bar No. 6335627<br><br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>(214) 747-5070 (Telephone)<br>(214) 747-2091 (Facsimile)<br><br>**ATTORNEYS FOR DEFENDANT<br>ALERT MEDIA, INC.** |

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on October 4, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay