IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** | |
| Plaintiff, | C.A. No. 6:23-cv-00373-ADA |
| v. | JURY TRIAL DEMANDED |
| **ALERT MEDIA, INC.,** | |
| Defendant. | |

### ALERT MEDIA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY

Defendant Alert Media, Inc. ("Alert Media" or "Defendant") opposes the substitution of plaintiff with its newly-formed Texas entity because Alert Media opposes the dismissal of the original, New Mexico entity. Alert Media would not otherwise oppose the joinder of Verna IP Holdings, LLC (Texas), so long as Verna IP Holdings, LLC (New Mexico) is not dismissed.

Rule 25 does not require substitution of a party in the event an interest is transferred. This court may instead simply join the successor, or even just continue the action by the original party. See Fed. R. Civ. P. 25 ("the action may be continued by or against the original party"); *Klausner Techs., Inc. v. Interactive Intelligence Grp., Inc.*, 2012 U.S. Dist. LEXIS 194426 (Dec. 19, 2021) (denying motion to substitute plaintiff where defendant opposed substitution but not joinder).

Here, substitution would cause significant prejudice against Alert Media. The original New Mexico plaintiff received a judgment against it on August 21, 2023, for an award of fees in a related case on a related patent. See Dkt. 63, Case No. 6:21-cv-00422-ADA. It did not pay that award. Alert Media has been working to collect on that award. On October 23, 2023, this Court issued an order to show cause for Plaintiff's failure to pay the fee award. *See* Dkt. 65, Case No.

1

6:21-cv-00422-ADA. That very same day, in response to that order, its principals formed the new Texas entity. (*See* Dkt. 18, Motion at Ex. A. (Indicating a formation date of October 23, 2023)). Plaintiff alleges that it has transferred its patent assets to this new Texas entity.

These circumstances strongly suggest a scheme by the original New Mexico plaintiff and its principals and agents to avoid the fee award judgment against it by transferring its assets to a newly formed entity. As a result, the validity of that transfer to the Texas entity is in doubt. And the ability of Alert Media to collect on from the new plaintiff an award of attorneys' fees in this action is questionable.

Moreover, dismissal of the original New Mexico plaintiff will increase the costs and delays of, and potentially undermine, Alert Media's efforts to obtain discovery against the original plaintiff and to collect attorney's fees if it prevails in this action. Alert Media would be required to use third-party subpoenas rather than party notices, motions to compel the third party would require a separate enforcement action in New Mexico, and Alert Media would lose its right to automatic initial disclosures from the original plaintiff. *See Klausner Techs.*, 2012 U.S. Dist. LEXIS 194426.

Therefore, Alert Media respectfully requests that the Court deny the motion to substitute.

Dated: January 18, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David B. Conrad*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Philip G. Brown
    pgbrown@fr.com
    Illinois Bar No. 6335627

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on January 18, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ David B. Conrad*
    David B. Conrad