IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VERNA IP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALERT MEDIA, INC., <br><br> Defendant. | Civil Action No. 6:23-cv-00373-ADA <br><br> Jury Demanded |

**DECLARATION OF WILLIAM P. RAMEY, III**

I, William Ramey, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff and Third Party Defendant William P. Ramey, III in the above-captioned lawsuit.

3. Exhibit A is a true and correct copy of a Certificate of Formation of Verna IP Holdings, LLC of Texas.

4. Exhibit B is a true and correct copy of a Verna IP Holdings, LLC of New Mexico assignment to Verna IP Holdings, LLC of Texas.

5. Exhibit C to this Declaration is a true and correct copy of a Patent Purchase Agreement between Verna IP Holdings, LLC of New Mexico and Verna IP Holdings, LLC of Texas.

6. Exhibit D to this Declaration is a true and correct copy of a the dissolution paperwork for Vern IP Holdings, LLC of New Mexico.

7. The two members of VernaIP (NM) were Kermit Lopez and Luis Ortiz. The two members of VernaIP (TX) are Kermit Lopez and Luis Ortiz.

8. In April of 2024, David Conrad, counsel for Alert, and I discussed Alert's basis for its Third-Party complaint. Conrad stated that the only basis was the attorneys' fees they would be seeking from Verna IP, Ortiz, Lopez and Ramey. Conrad stated that suing each individually now would make it easier to collect any possible award.

9. During the conversation, I specifically asked Conrad to drop me from the third party complaint as I am the lawyer. He refused. I threatened to add him and his partner Neil MacNabnay to the lawsuit and he countered that he would bring the full force of Fish & Richardson against me if I did. I was shocked that Conrad would state such a thing, especially as he personally sued me. In preparing the Motion to Dismiss, it was decided not to include either Conrad or MacNabny as such pleading does not further my client's interests.

10. Conrad did offer to allow the substitution of Ramey LLP for Ramey.

11. Importantly, Conrad provided no other basis for suing Ortiz, Lopez or me during the conversation other than a possible fee award, even after being asked by me if there were any other basis.

12. Perhaps most important, Conrad refused to dismiss the Third-party complaint against me even after Conrad was shown a copy of the Patent Purchase Agreement between VernaIP (NM) and VernaIP (TX) that provides that VernaIP (TX) assumed the liability for the fee awards that this Court ordered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 8, 2024.   _____
　　　　　　　　　　　　　　William P. Ramey, III