IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VERNA IP HOLDINGS, LLC,<br>Plaintiff,<br><br>v.<br><br>ALERT MEDIA, INC.,<br>Defendant. | Civil Action No. 6:23-cv-00373-ADA<br><br>Jury Demanded |

### MOTION TO DISMISS UNDER RULE 12(B)(1), (2), (6) AND TO STRIKE THIRD PARTY COMPLAINT

Third-Party Defendant Verna IP Holdings, LLC ("VernaIP (TX)") respectfully files this motion to dismiss the Third-Party Complaint against VernaIP (TX),[1] showing the Court that there are no cognizable claims against VernaIP (TX) and therefore it should be dismissed from the Third-Party Complaint.

I. BACKGROUND AND RELEVANT FACTS

On May 16, 2023, Verna IP Holdings, LLC of New Mexico ("VernaIP (NM)") sued Defendant Alert Media, Inc. ("Alert Media") for infringing claims of U.S. Pat. No. 11,403,932 ("the '932 patent"). The claims of the '932 were amended prior to issuance in response to the Markman Order[2] from this Court in a prior lawsuit filed by VernaIP against Alert Media.

Plaintiff Verna (NM) was established under the laws of the State of New Mexico. Verna IP Holdings LLC was dissolved in New Mexico and registered in State of Texas on October 24, 2023.[3] Attached herewith as Exhibit A is a true and correct copy of Certificate of Formation

---

[1] Doc. No. 24.
[2] *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2022 WL 545050, at *1 (W.D. Tex. Feb. 18, 2022).
[3] Ex. A, Article of Formation for Verna IP Holdings, LLC of Texas, to the Declaration of William P. Ramey, III ("Ramey Decl.").

1

Limited Liability Company for Verna IP Holdings, LLC of Texas ("VernaIP (TX)"). Attached as Exhibit B is a true and correct copy of the Assignment from Verna IP Holdings, LLC of New Mexico to Verna IP Holdings, LLC of Texas.[4] VernaIP (NM) transferred all intellectual property rights and associated liabilities, including all fee awards issued by this Court, to VernaIP (TX) by way of a Patent Purchase Agreement.[5] VernaIP (NM) was dissolved shortly thereafter.[6] The two members of VernaIP (NM) were Kermit Lopez and Luis Ortiz.[7] The two members of VernaIP (TX) are Kermit Lopez and Luis Ortiz.[8]

On or about February 27, 2024, Alert Media amended its answer and alleged third party complaints against Luis Ortiz, Kermit Lopez, William P. Ramey, III, Verna IP Holding, LLC, and Verna IP Holdings New Mexico.[9]

The third-party complaint alleges:

> 29. Messrs. Ortiz and Lopez executed an assignment of, on information and belief, all patents owned by Verna New Mexico to "VERNA IP HOLDINGS LLC, a limited liability corporation organized and existing under the laws of Texas USA and doing business at 5900 Balcones Drive, Suite 100. Austin. Texas 79731." (Dkt. 18, Ex. B.) Mr. Ortiz signed the assignment on October 4. Mr. Lopez signed the assignment on October 11:

| Name | Title | Date | Signature |
|---|---|---|---|
| Luis M. Ortiz | President Managing Member | 10/4/23 | [signature] |
| Kermit D. Lopez | Secretary and Treasurer Managing Member | 10/11/2023 | [signature] |

[10]

> 39. Upon information and belief, Messrs. Ortiz and Lopez direct, control, and coordinate all actions taken by Verna New Mexico and Verna Texas related to this

---

[4] Ex. B, Assignment, to the Ramey Decl.
[5] Ex. C, Patent Purchase Agreement, to the Ramey Decl.
[6] Ex. D, Dissolution of VernaIP (NM), to the Ramey Decl.
[7] Doc. No. 24 at ¶4.
[8] Doc. No. 24 at ¶4.
[9] Doc. No. 24.
[10] Doc. No. 24 at ¶29 on page 11.

> action and all related proceedings regarding the '932 Patent and related patents, including the First and Second Lawsuits.
> 40. The foregoing structuring of corporate entities is a deliberate attempt by Messrs. Ortiz and Lopez and/or Mr. Ramey to use the corporate form as a part of a basically unfair device to achieve an inequitable result. Verna New Mexico can collect and pass through licensing and litigation revenues to enrich Messrs. Ortiz and Lopez, but Verna New Mexico does not maintain sufficient capital to satisfy liability to Alert Media for frivolous or sanctionable patent assertion campaigns like this lawsuit or others filed by this same entity against Alert Media.
> 41. The same is true for the new entity in this structure, Verna Texas. Even if the entity receives a judgment against it, the principals have shown that they will attempt to transfer the patent portfolio (which are the only assets it has) to a new entity before that judgment is satisfied or enforced. Verna New Mexico is directed, owned, and controlled by Messrs. Ortiz and Lopez, but upon information and belief does not have sufficient capital or assets, and is insulated from liability to Alert Media for fraudulent activities or violations of statutes prohibiting bad faith patent assertions. As such, Verna New Mexico is not the sole real-part-in-interest to the proceedings regarding the patents-in-suit. Messrs. Ortiz and Lopez are necessary parties to his action for Alert Media to recover its costs of suit, attorneys' fees, and other damages it seeks in this action.[11]

Alert then explains why it filed the third-party complaint, because it alleges that "[a]n award of sanctions or attorneys' fees is likely in this case. For example, on information and belief, Verna New Mexico and Mr. Ramey did not adequately investigate prior to filing suit whether any Alert Media products meet the limitations of Asserted Claim 18 of the '932 Patent."[12]

Alert further provides its noninfringement position:

> 43. Claim 18 requires a method comprising, among other steps, "transmitting the digitized voice alert through specific towers of a cellular communications network."
> 44. Alert Media is not a cellular communications provider.
> 45. Alert Media does not direct or control a cellular communications provider to transmit information through specific towers.
> 46. Alert Media does not have any contracts with cellular communications providers to transmit information through specific towers.
> 47. Alert Media does not employ any cellular communications providers as its agents.
> 48. Alert Media is not in a joint enterprise with any cellular communications providers.

---

[11] Doc. No. 24 at ¶¶39-41 at pp. 13-14.
[12] Doc. No. 24 at ¶42 at p. 14.

49. Alert Media does not condition participation by any cellular communication providers in any activities or establish the manner or timing of how cellular communications providers transmit information.[13]

Alert's Third-party complaint then alleges two causes of action, a Declaration Regarding Non-Infringement and a Declaration Regarding Invalidity, which never mention VernaIP (TX).[14] Thus, Alert's third-party complaint contains two counts which are limited to Alert denying that it infringes the claims of the '932 patent and that the claims of the '932 patent are invalid.

In April of 2024, David Conrad, counsel for Alert, and William Ramey, counsel for VernaIP (TX), discussed Alert's basis for its Third-Party complaint. Conrad stated that the only basis was the attorneys' fees they would be seeking from Verna IP, Ortiz, Lopez and Ramey. Conrad stated that suing each individually now would make it easier to collect any possible award.[15] Importantly, Conrad provided no other basis for suing the Third-Party defendants during the conversation, even after being asked by Ramey if there were any other basis.[16]

## II.   Motions to Dismiss

### A. Motion to Dismiss under 12(b)(1)

"Federal courts have no jurisdiction ... unless a case or controversy is presented by a party with standing to litigate."[17] "To prove standing to bring a claim in federal court, a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury."[18] "At bottom, the gist of the question of standing is whether petitioners have such a personal stake in the outcome of the controversy as to assure that concrete

---

[13] Doc. No. 24 at ¶¶43-49 at pp. 14-15.
[14] Doc. No. 24 at ¶¶60-68 at pp. 17-18.
[15] Ramey Decl. at ¶8.
[16] Ramey Decl. at ¶10.
[17] *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997).
[18] *Massachusetts v. EPA*, 549 U.S. 497, 517, 127 S. Ct. 1438, 1453 (2007).

4

adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination."[19] The party invoking federal jurisdiction bears the burden of establishing these elements.

"Injury-in-fact" is an invasion of a legal right that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." "Particularized" means the injury affects the plaintiff in an individual and personal way.[20] "Allegations of possible future injury do not satisfy the standing requirement of Article III. A threatened injury must be 'certainly impending' to constitute injury-in-fact."[21]

Here, Alert fails to allege any "injury-in-fact" beyond possible future injury of an award of attorneys' fees.[22]  First, VernaIP (TX) does not think it is likely Alert will receive an award of attorneys' fees in the future.  However, more fundamental is that there is no present award, in fact no ability to receive an award at this time, and allowing a party to plead a claim based on a possible future occurrence does not vest Article III standing with this Court.  Alert plead this cause of action merely to waste VernaIP (TX)'s resources and such conduct should be sanctioned.  Conrad stated that the only basis was the attorneys' fees Alert would be seeking from Verna IP, Ortiz, Lopez and Ramey.  Conrad stated that suing each individually now would make it easier to collect any possible award.[23]  Thus, Alert's intent was to sue on a potential future award of attorneys' fees.  Such a basis is far too remote to provide standing to this Court.  VernaIP (TX) requests dismissal under 35 U.S.C. §112 ¶1 for lack of standing.

### B. Motion to Dismiss under 12(b)(6)

---

[19] *Id.*
[20] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).
[21] *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S. Ct. 1717, 1724–25, 109 L. Ed. 2d 135 (1990); *HRF Enterprises, Inc. v. Advance Food Co., Inc.*, No. CV SA-13-CA-121-OLG, 2013 WL 12129971, at *13–14 (W.D. Tex. Oct. 9, 2013), *report and recommendation adopted,* No. SA-13-CA-121-OG, 2013 WL 12130309 (W.D. Tex. Oct. 29, 2013).
[22] Doc. No. 24 at ¶42 at p. 14.
[23] Ramey Decl. at ¶8.

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[24]

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.[25] The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' "[26] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do."[27] The alleged facts must "raise a right to relief above the speculative level."[28] In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."[29]

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."[30]

As best can be told from the largely incoherent pleadings, Alert alleges this is a fraud case. For fraud, Federal Rule of Civil Procedure 9(b) requires the plaintiff to "state with particularity

---

[24] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)
[25] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).
[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").
[28] *Twombly*, 550 U.S. at 555.
[29] *Id.* at 570.
[30] *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

the circumstances constituting fraud or mistake."[31] "Rule 9(b) requires the complaint to lay out the "who, what, when, where, why, and how the false statements were made and to whom they were made."[32] Here, while Alert mentions fraud, no cause of action involving fraud is alleged and therefore, Alert has not plead with particularity. In fact, Alert pleads no cause of action against VernaIP (TX). Rather, Alert pleads noninfringement and invalidity of the '932 patent. VernaIP (TX) requests dismissal under 35 U.S.C. §112 ¶6 for failure to state a claim.

### C. Motion to Strike Third Party Complaint

In the alternative, if the Court denies VernaIP (TX)'s Motion to Dismiss under Rule 12(b)(1) or (6), VernaIP (TX) respectfully requests the Court strike Alert's pleadings as third party complaints are governed by Rule 14 which provides "that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[33] Here, Alert's third party complaint against VernaIP (TX) does not provide that VernaIP (TX) would be liable for damages if Alert is found to infringe one or more claims of the '932 patent. Therefore, the third-party complaint should be struck. The Fifth Circuit has explained that when the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim, impleader is properly used to reduce litigation by having one lawsuit do the work of two. Here, Alert does not plead that VernaIP (TX) owes for infringement. Rather, in the unlikely event Alert prevails on this litigation, it would be required to seek its fees through a separate motion, under a separate standard. A claim for fees is more like "an entirely separate and independent claim cannot be maintained against a third party

---

[31] FED. R. CIV. P. 9(b); *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997).
[32] *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997).
[33] FED. R. CIV. P. 14(a)(1); *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 674 (N.D. Tex. 2020).

under Rule 14, even though it does arise out of the same general set of facts as the main claim."[34]

Therefore, VernaIP (TX) respectfully requests that third party complaint against him is stricken.

### III. Conclusion

VernaIP (TX) requests dismissal from the lawsuit under 35 U.S.C. §112 ¶¶1 and 6. VernaIP (TX) reserves the right to answer should the Court deny VernaIP (TX)'s motion. Given the baseless nature of Alert's Third-Party Complaint drafted and approved by Conrad and McNabnay, VernaIP (TX) requests dismissal with prejudice.

DATED: May 14, 2024

Respectfully submitted,

**Ramey LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Verna IP Holdings, LLC***

### CERTIFICATE OF CONFERENCE

Counsel for plaintiff conferred with David Conrad, counsel for Alert Media, by phone and e-mail, multiple times, in the month of April and again on May 12, 2024 regarding dismissal of the third-party complaints against Ortiz, Lopez and Ramey and Defendant is opposed.

/s/ William P. Ramey, III
William P. Ramey, III

---

[34] *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 674 (N.D. Tex. 2020)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ William P. Ramey, III*
William P. Ramey, III