**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** | |
| Plaintiff, | C.A. No. 6:23-cv-00373-ADA |
| v. | **JURY TRIAL DEMANDED** |
| **ALERT MEDIA, INC.,** | |
| Defendant, | |
| v. | |
| **VERNA IP HOLDINGS, LLC;** <br> **VERNA IP HOLDINGS, LLC;** <br> **LUIS M. ORTIZ;** <br> **KERMIT D. LOPEZ;** <br> **WILLIAM P. RAMEY, III,** | |
| Counterclaim Defendant and Third-Party Defendants. | |

**DEFENDANT ALERT MEDIA, INC.'S OPPOSITION TO
<u>MOTIONS TO DISMISS (DKT. NOS. 32, 33, 35)</u>**

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................... 2

II. JOINDER OF VERNA TEXAS, LUIS ORTIZ, AND KERMIT LOPEZ IS REQUIRED UNDER RULE 19 ............................................................................................................ 4

III. THE COURT HAS SUBJECT MATTER JURISDICTION OVER ALERT MEDIA'S COUNTERCLAIMS ...................................................................................................... 8

IV. THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER MESSRS. ORTIZ AND LOPEZ ................................................................................................................. 10

V. ALERT MEDIA DID NOT BRING A CAUSE OF ACTION FOR FRAUD ...................... 11

VI. VERNA TEXAS' MOTION IS CONTRARY TO ITS OWN ATTEMPTS TO SUBSTITUTE ITSELF AS PLAINTIFF ............................................................................ 12

VII. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acton Co. of Massachusetts v. Bachman Foods, Inc.*,
  668 F.2d 76 (1st Cir. 1982) ............................................................................................. 7

*Ashcroft v. Iqbal*,
  56 U.S. 652 (2009) ......................................................................................................... 12

*Castleberry v. Branscum*,
  721 S.W.2d 270 (Tex. 1986) ........................................................................................... 5

*Estech Sys., Inc. v. Regions Fin. Corp.*,
  No. 6:20-CV-00322-ADA, 2020 WL 6324321 (W.D. Tex. Oct. 28, 2020) .................... 11

*Iris Connex, LLC v. Dell, Inc.*,
  235 F. Supp. 3d 826 (E.D. Tex. 2017) ............................................................................ 8

*In re Katrina Canal Breaches Litig.*,
  495 F. 3d 191 (5th Cir. 2007) ......................................................................................... 11

*Klein v. Sporting Goods, Inc.*,
  772 S.W.2d 173 (Tex. App.—Houston 1989) ................................................................ 6

*Love v. Texas*,
  972 S.W.2d 114 (Tex. App.—Austin 1998) ................................................................... 6

*McFadin v. Gerber*,
  587 F.3d 753 (5th Cir. 2009) ......................................................................................... 10

*Morrissey v. Krystopowicz*,
  2016-NMCA-011, 365 P.3d 20 ...................................................................................... 6

*MS through Harris v. E. New Mexico Mental Retardation Servs.*,
  No. CIV 13-628 ............................................................................................................... 6

*RFF Fam. P'ship, LP v. Link Dev., LLC*,
  849 F. Supp. 2d 131 (D. Mass. 2012) ............................................................................ 7

*SAP Am., Inc. v. InvestPic, LLC*,
  No. 3:16-CV-02689-K, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021) ......................... 7

*Schutten v. Shell Oil Co.*,
  421 F.2d 869 (5th Cir. 1970) ......................................................................................... 7

*Scottsdale Ins. Co. v. Flores*,
   No. 5:19-CV-0156-JKP, 2020 WL 4353179 (W.D. Tex. July 28, 2020) .................................9

*Spring St. Partners-IV, L.P. v. Lam*,
   730 F.3d 427 (5th Cir. 2013) ..................................................................................................5

*SSP Partners v. Gladstrong Invs. (USA) Corp.*,
   275 S.W.3d 444 (Tex. 2008) ...................................................................................................5

**Other Authorities**

Fed. R. Civ P. 12(b)(1) ...............................................................................................................8, 9

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................10, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................................11

Fed. R. Civ. P. 19(a)(1) ...................................................................................................4, 5, 7, 11

Fed. R. Civ. P. 25 .........................................................................................................................12

Alert Media responds to the substantially similar motions filed by Luis M. Ortiz, Kermit D. Lopez, and Verna IP Holdings, LLC (Texas) ("Verna Texas") with this combined opposition. (Dkt. 32, 33, 35.) Each of these motions should be denied because they are necessary parties to Alert Media's counterclaims for declaratory judgment of non-infringement and invalidity.

This case is the third in a series of serial lawsuits before this Court. Plaintiff began suing Alert Media for patent infringement in April 2021, asserting a related patent against Alert Media. It filed suit alleging infringement of a second related patent in April 2022. Plaintiff eventually dismissed its claims in the first two cases with prejudice. But Plaintiff has since refused to pay a judgment for an award of attorney's fees that this Court entered after it found the case exceptional under Section 285.

This failure to pay was by design. The third-party defendants organized Plaintiff as a shell company in New Mexico. It had nothing by which it could satisfy a fee award. Additionally, while the instant lawsuit was pending, Plaintiff purportedly dissolved and transferred the Asserted Patent to Verna Texas. The circumstances of that transfer make its effectiveness doubtful. Mr. Ortiz and Mr. Lopez are managing members of both Plaintiff and Verna Texas. Alert Media has alleged they are direct participants in the misconduct described in the Complaint, and direct, coordinate, and control Verna (and Verna Texas) as a corporate shell for their own benefit to unfairly avoid fee awards. Courts have found affiliates and principals like the third-party defendants as necessary parties under similar circumstances. Unlike those cases, however, the events demonstrating their necessity are apparent at the time of Alert Media's initial pleading rather than only coming to light after years of discovery.

In order to avoid receiving another unrecoverable award against a judgement proof shell entity, Alert Media asserted third-party claims in its First Amended Answer. Alert Media added

1

claims against Verna Texas, Luis M. Ortiz, and Kermit D. Lopez because they are necessary to complete relief in this case and, therefore, are required to be joined by Rule 19 of the Federal Rules. Verna Texas is a necessary party because it is allegedly the current owner of the Asserted Patent. Messrs. Ortiz and Lopez are necessary parties because, as pled in its Complaint, it is plausible that Alert Media will win this case, win attorney's fees for an exceptional cause under Section 285, and Verna will again refuse to comply with the award. Consequently, the Court should deny these motions to dismiss and allow third-party claims as required under Rule 19 of the Federal Rules.

I.   **FACTUAL BACKGROUND**

Plaintiff Verna IP Holdings, LLC ("Verna New Mexico") brought the present suit alleging that Alert Media, Inc. ("Alert Media") infringed U.S. Patent. No. 11,403,938 (the "Asserted Patent") in May 2023.

Verna has a history of filing, litigating, and then eventually dismissing cases against Alert Media. On April 27, 2021, Verna filed a lawsuit in this court accusing Alert Media of infringing U.S. Patent No. 8,265,938, Case No. 6:21-cv-00422-ADA ("First Lawsuit"). (Dkt. 24 ("Amd. Ans.") ¶ 10.) Following a claim construction hearing on February 11, 2022, the court issued a Claim Construction Order and Memorandum. Rather than promptly dismissing this case and walking away, nearly a month later, on April 14, 2022, Verna New Mexico filed a second lawsuit against Alert Media, asserting a related patent, U.S. Patent No. 10,282,960, Case No. 6:22-cv-00387 ("Second Lawsuit"). (Amd. Ans. ¶ 10).

Only after filing the Second Lawsuit, Verna New Mexico finally agreed on April 18, 2022, to drop infringement claims for the '938 Patent in the First Lawsuit. (*Id.* at ¶ 15). After motion practice during which Verna New Mexico attempted to dismiss the Second Lawsuit without prejudice without Alert Media's consent, and the Court's denial of dismissal without prejudice on

February 2, 2023, Verna New Mexico finally agreed to dismiss the First and Second Lawsuit with prejudice. (*Id.* at ¶ 16). Alert Media filed motions for attorney's fees in the First and Second Lawsuits on March 27, 2023. (*Id.* ¶ 16.) While the motion was pending, on May 16, 2023, Verna New Mexico filed the instant action ("Third Lawsuit"). (Dkt. 1.) On August 22, 2023, this Court awarded Alert Media $48,076.50 in attorney's fees in the First Lawsuit, with an order to pay the amount within 30 days. (Amd. Ans. ¶ 18.) Verna New Mexico did not satisfy the judgment for attorney's fees. (*Id.* at ¶ 19.) To date, it still has not paid the judgment. (*Id.*)

After Alert Media raised Verna's failure to comply with the Court's order and pay the fees, the Court ordered Verna New Mexico "to show cause why Plaintiff has failed to comply with the Court's Order to Pay Defendant [] Attorney Fees in the amount of $48,076.50" and set a hearing for October 31, 2023. (*Id.* at ¶ 23.) Prior to this hearing, Mr. Ramey explained that Verna New Mexico had every intention to pay but did not have money to pay the award. (*Id.* at ¶ 25.) He also explained that Verna's business model was to distribute money such that "money goes in and money goes out." (*Id.*) Meanwhile, unbeknownst to Alert Media, while this was occurring, Messrs. Ortiz and Lopez executed a purported assignment of all patents owned by Verna New Mexico to "VERNA IP HOLDINGS LLC, a limited liability corporation organized and existing under the laws of Texas."

| Name | Title | Date | Signature |
|---|---|---|---|
| Luis M. Ortiz | President Managing Member | 10/4/23 | *[signature]* |
| Kermit D. Lopez | Secretary and Treasurer Managing Member | 10/11/2023 | *[signature]* |

(*Id.* at ¶ 29.) Additionally, a notice of "Business Dissolution" for Verna New Mexico (the plaintiff in the present and previous two lawsuits and Verna's original New Mexico entity) was filed with the New Mexico Secretary of State on October 18, 2023. (*Id.* at ¶ 31.) On October 24, 2023,

3

counsel for Verna filed incorporation documents for the formation of Verna IP Holdings, LLC ("Verna Texas") with the Secretary of State in Texas, listing Messrs. Ortiz and Lopez as managers. (*Id.* at ¶ 33.)

On February 27, 2024, Alert Media filed an Amended Answer asserted declaratory judgment counterclaims for non-infringement and invalidity in this case as well as an award of its attorney's fees. (*Id.* at Prayer for Relief.) It also joined Verna Texas, Luis M. Ortiz, and Kermit D. Lopez as third-party defendants to its counterclaims. (Amd. Ans.) Alert Media On May 14, 2024, Messrs. Ortiz and Lopez and Verna Texas (collectively, "Third Parties") filed Motions to Dismiss Under Rule 12(b)(1), (2), (6) and to Strike Third Party Complaint (collectively, "Motions"). (Dkt. 32, 33, 35.)[1]

## II. JOINDER OF VERNA TEXAS, LUIS ORTIZ, AND KERMIT LOPEZ IS REQUIRED UNDER RULE 19

Verna Texas, Luis Oritz, and Kermit Lopez are all necessary parties that must be joined to this case under Rule 19. Rule 19 requires that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction ***must be joined*** as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties…." Fed. R. Civ. P. 19(a)(1) (emphasis added).

Alert Media asserts counterclaims of a direct judgment for non-infringement and invalidity of the Asserted Patent. (Amd. Ans. at ¶¶ 42–50, 60–68). Alert Media seeks as relief an award of attorney's fees based on the frivolous allegations in this case and serial litigation filed by Verna. (*Id.*; *see also id.* at Prayer for Relief.) These counterclaims are well-pled.

---

[1] These motions contain significant overlap, and as such, Alert Media provides the present response to address the three motions.

4

Alert Media also pled concrete factual allegations demonstrating that without adding the Third Parties, the Court will not be able to accord complete relief to Alert Media. (Amd. Ans. ¶¶ 8–68.) The extensive history between these parties demonstrates that this claim is ripe now and not merely speculation. There is a strong factual record that Alert Media is likely to win a fees award against Verna, and when that occurs, Verna—whether that is Texas Verna or New Mexico Verna—will disregard the Court's order and refuse to pay Alert Media. (*Id.* at ¶¶ 18–19.) As such, Alert Media will not be able to receive the relief requested in its counterclaims unless these Third Parties are added to this case. Fed. Cir. R. 19(a)(1).

Texas courts may "disregard the corporate fiction ... when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454 (Tex. 2008) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 271-72 (Tex. 1986)). The Supreme Court of Texas identified multiple scenarios when the corporate veil can be pierced: "(1) when the fiction is used as a means of perpetrating fraud . . . (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation . . . (5) where the corporate fiction is used to circumvent a statute." *See Castleberry*, 721 S.W.2d at 271-272; *see also Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443–44 (5th Cir. 2013). Similarly, under New Mexico law, a court may pierce the corporate veil and require shareholders answer for the corporation's liability under three circumstances: (1) "the subsidiary or other subservient corporation was operated not in a legitimate fashion to serve the valid goals and purposes of that corporation but ... instead under the domination and control and for the purposes of some dominant party"; (2) "[s]ome form of moral culpability attributable to the [shareholder], such as use of the subsidiary to perpetrate a fraud"; and (3) "there [is] some reasonable relationship between the injury suffered by the plaintiff and the actions of the

5

defendant." *See Morrissey v. Krystopowicz*, 2016-NMCA-011, ¶¶ 12-13, 365 P.3d 20. Additionally, when a "'corporation was set up for fraudulent purposes,' New Mexico courts will pierce the corporate veil." *MS through Harris v. E. New Mexico Mental Retardation Servs.*, No. CIV 13-628 RB-GBW, 2015 WL 13662789, at *12 (D.N.M. June 16, 2015) (quoting *Scott v. AZL Res., Inc.*, 753 P.2d 897, 900 (N.M. 1988)). At this stage of the case, the New Mexico Court of Appeals has explained that "the plaintiff [has] pled sufficient facts to alert the defendant of his intention to pierce the corporate veil where he alleged that the defendant enriched himself at the plaintiff's expense." *Id.* at *12.

Alert Media has alleged factual allegations to support piercing the corporate veil. Under the Texas framework, Alert Media has shown (1) Verna and Verna Texas are each a sham to perpetrate fraud, (3) Verna and Verna Texas are a corporate fiction to evade the fees award due to Alert Media, and (5) Verna and Verna Texas are a corporate fiction to avoid Section 285 awards in the patent cases they file. (Amd. Ans. ¶¶ 38-42, 50-54.) Alert Media pled that Mr. Ortiz and Mr. Lopez structured the Verna entities such that each are judgment proof against a Section 285 award. *See Love v. Texas*, 972 S.W.2d 114, 119–20 (Tex. App.—Austin 1998) (holding the company was a sham to perpetuate fraud when its owner shifted its funds to another of his companies to avoid liability). The entity had no assets beyond the patent portfolio, and the patent portfolio could easily be transferred to a new entity after any judgment—just as it played out. *See Klein v. Sporting Goods, Inc.*, 772 S.W.2d 173, 176–77 (Tex. App.—Houston 1989) (holding a shareholder liable for company debts when he incorporated a new business to continue the business of a foreclosed company where a foreclosure was merely an attempt to avoid creditors). The same analysis applies under New Mexico's similar framework: (1) Verna and Verna Texas were operated for the benefit of Messrs. Ortiz and Lopez and structured to avoid liabilities of any judgments; (2) Messrs. Ortiz

6

and Lopez used Verna and Verna Texas as sham judgment proof corporations for their own direct benefit; and (3) Messrs. Ortiz and Lopez are directly responsible for the actions leading to this case and the reasons why piercing the veil is necessary. (Amd. Ans. ¶¶ 38-42, 50-54.) As such, Alert Media has pled plausible factual allegations to support piercing the corporate veil.

Further, as the Fifth Circuit has explained, the purpose of Rule 19(a)(1) is to protect the interests of parties by affording complete adjudication of a dispute and to aid judicial economy by avoiding repeated lawsuits concerning the same subject matter. *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873-74 (5th Cir. 1970). Other courts across the country have explained this same rationale. *See e.g., Acton Co. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982) ("[Rule 19] furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them."); *RFF Fam. P'ship, LP v. Link Dev., LLC*, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) (quoting *State Farm Mut. Auto. Ins. v. Mid–Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975)) ("Generally, 'all interested parties should be joined in a declaratory judgment action whenever possible,' in keeping with the purpose of the Declaratory Judgment Act to fully and finally adjudicate the controversy at issue.").

Courts use Rule 19 to join necessary parties for the compliance of a fees award where the plaintiff "keeps a near zero balance in its accounts at practically all times" and "is a sham or shell entity that is designed and intended to avoid liability." *See SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K, 2021 WL 1102085, at *5, 7 (N.D. Tex. Mar. 23, 2021). "Allowing a party to purposefully use a shell company to pursue patent infringement claims unacceptably circumvents that attorney fee provisions of § 285." *Id*. at *5. This ties to the "more general and uncontroversial

7

principle: that the corporate form cannot be used as a shield to insulate officers and parent corporations against liability for their own tortious conduct or tortious conduct they control." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 844 (E.D. Tex. 2017) (joining an individual after a Section 285 award because the "Court is persuaded that not to hold Mr. Yates personally liable would make a mockery out of Section 285"). The present circumstances are identical to these cases, except with an accelerated timeline. There is already established factual record at the initial pleading stage based on the prior history between the parties. Consequently, the circumstances here warrant Rule 19 joinder now. Based on Alert Media's well-pleaded allegations, Verna Texas, Luis Oritz, and Kermit Lopez are necessary parties that, unless added, will preclude the Court from according complete relief to Alert Media in this case.

### III.   THE COURT HAS SUBJECT MATTER JURISDICTION OVER ALERT MEDIA'S COUNTERCLAIMS

The Motions filed by Verna Texas and Messrs. Ortiz and Lopez all seek dismissal under Rule 12(b)(1) for lack of standing. This argument is frivolous.

Alert Media asserted declaratory judgment counterclaims for non-infringement and invalidity in this case. For relief, it pleaded that it was entitled to an award of its attorney's fees. As necessary parties, it identified Verna Texas and Messrs. Oritz and Lopez. Alert Media's Amended Answer stated "[b]ased on Verna New Mexico's filing of this action and at least Alert Media's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Alert Media infringes U.S. Patent No. 11,403,932" and "as to the validity of the claims of the '932 Patent." (Amd. Ans. ¶¶ 61, 66.) The Motions do not contest Alert Media's injury-in-fact or standing with respect to Verna—only with respect to Verna Texas and Messrs. Ortiz and Lopez.

Alert Media's Amended Answer establishes a plausible claim that not only will Alert Media earn an award for attorney's fees, but also that Verna will fail to comply with such an order. This is established in the thorough factual record presented in Alert Media's Amended Answer. (Amd. Ans. ¶¶ 8–68.) As alleged, the asserted claim requires a mobile carrier to perform a step regarding "specific" cell towers, and Alert Media is not such a carrier and does not direct or control any to perform this step. (*Id.* at 43–49.)

Verna Texas and Messrs. Ortiz and Lopez disagreement over the legal outcome in the future (*see e.g.,* Dkt. 32 at 6), does not change the fact that Alert Media pled factual allegations to support its claim. Alert Media has claimed harm *today*, from the filing of the lawsuit. Alert Media does not rely on mere unsupported speculation. Rather, Alert Media's allegations are well supported by the factual record. *See Scottsdale Ins. Co. v. Flores*, No. 5:19-CV-0156-JKP, 2020 WL 4353179 (W.D. Tex. July 28, 2020) ("The Third-Party Defendants have merely asserted a facial attack regarding standing. But the amended third-party complaint filed by Flores contains sufficient factual allegations to overcome such attack."). If Alert Media's allegations only speak to potential future injury, then the allegations of any plaintiff that has yet to receive a judgment in their favor would be no less speculative.

Alert Media has Article III standing based on the filing of the frivolous Complaint in this case, and Verna Texas and Messrs. Ortiz and Lopez are necessary parties that must be joined under Rule 19. As such, the Court should deny the Motions with respect to the requested dismissal based on Rule 12(b)(1).

## IV. THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER MESSRS. ORTIZ AND LOPEZ

The motions to dismiss Messrs. Ortiz and Lopez under Rule 12(b)(2) should also be denied because both individuals purposely availed themselves to the benefits of the state of Texas by establishing minimum contacts in Texas.

Verna asserts that "Alert's Third-Party complaint alleges no acts by Ortiz in the State of Texas." (Dkt. 32 at 8.) This is incorrect. Alert Media pled allegations that Messrs. Ortiz and Lopez, as the Managing Members of Verna, made the decision to file this lawsuit in Texas. (Amd. Ans. ¶¶ 9–17, 39.) As Verna's counsel explained, under Verna's "money goes in and money goes out" business structure, this decision was for the direct benefit of Messrs. Ortiz and Lopez.[2] Additionally, to try to perpetuate their scheme they formed Verna Texas as a Texas entity (*Id.* at ¶ 33), transferred Verna's patent assets to Verna Texas (*id.* at ¶ 29), and directed Verna Texas to file at least two other lawsuits in Texas (*id.* at ¶ 37). Further, as Alert Media alleged, Messrs. Ortiz and Lopez structured the Verna corporate entities (including Verna Texas) in a deliberate attempt to use the corporate form as a part of a basically unfair device to achieve an inequitable result through lawsuits in Texas. (*Id.* at ¶ 40.) Therefore, Messrs. Ortiz and Lopez have chosen to purposefully avail themselves in the state of Texas to enrich themselves through the use of corporate entities that do not maintain sufficient capital to satisfy liability for frivolous or sanctionable patent assertion campaigns like this lawsuit. (*Id.* at ¶ 40.)

These activities meet the Fifth Circuit's three-step analysis for specific jurisdiction. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). First, as explained, Messrs. Ortiz and Lopez purposely directed activities to Texas. (Amd. Ans. ¶¶ 39-41, 50-52, 58.) Second, Alert Media's

---

[2] Verna and Verna Texas entities both list Mr. Tony Verna as a member, but Alert Media understands that Mr. Verna has been deceased since 2015. (Amd. Ans. ¶¶ 33-34.)

10

cause of action directly arises out of these actions because the culmination of actions led to the present suit. Third, the exercise of personal jurisdiction is fair and reasonable in light of the fact that Messrs. Ortiz and Lopez have engaged in business activities in Texas for their own direct benefit though the corporate shell of Verna and Verna Texas. (*Id.* at ¶ 52.) It would be unfair to prevent jurisdiction where Messrs. Ortiz and Lopez are seeking their own monetary benefit from activities deliberately arising out of the state. Consequently, the Court should deny the Motions for Messrs. Ortiz and Lopez with respect to the requested dismissal based on Rule 12(b)(2).

## V.   ALERT MEDIA DID NOT BRING A CAUSE OF ACTION FOR FRAUD

The Motions each assert a ground for dismissal under Rule 12(b)(6) for failure to state a claim for fraud. Each of these should be denied as moot because Alert Media brings no cause of action for fraud. Alert Media's alleged causes of action against Verna, Verna Texas, and Messrs. Ortiz and Lopez are declaratory judgement of non-infringement and invalidity as well as an award of its attorney's fees. (Amd. Ans. at Prayer for Relief.) As previously explained, the Third Parties are necessary parties that must be joined to ensure the Court can accord complete relief. Fed. R. Civ. P. 19(a)(1).

Alert Media alleges causes of actions for declaratory judgment of non-infringement and invalidity. The counterclaims plausibly plead allegations based on the factual record, and clearly state claims for relief that is plausible on its face. In evaluating a Rule 12(b)(6) motion, the court should accept all well-plead facts as true, viewing them in the light more favorable to the nonmovant. *See In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007); *see also Estech Sys., Inc. v. Regions Fin. Corp.*, No. 6:20-CV-00322-ADA, 2020 WL 6324321 (W.D. Tex. Oct. 28, 2020). When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face.

*Ashcroft v. Iqbal*, 56 U.S. 652, 678 (2009). Alert Media's allegations for declaratory judgment surpass this threshold, and as such, the Motions should be denied.

## VI. VERNA TEXAS' MOTION IS CONTRARY TO ITS OWN ATTEMPTS TO SUBSTITUTE ITSELF AS PLAINTIFF

Verna moves to strike the third-party complaint against Verna Texas despite the fact that Verna has argued to this Court that Verna Texas is now the proper plaintiff in this action. (*Compare* Dkt. 35 at 7 ("Verna IP (TX) respectfully requests the Court strike Alert's pleadings") *with* Dkt. 18 ("Plaintiff Verna IP Holdings LLC respectfully requests the substitution of Texas entity as a party Plaintiff under Rule 25 of the Federal Rules of Civil Procedure. Verna IP Holdings, LLC of Texas is the proper plaintiff as the entity owns 100% of the Patent-in-Suit.").) Verna Texas alleges that it is the owner of the patent at issue in this case. (Dkt. 35 at 1-2.) Under Verna's rationale, Verna Texas is a proper plaintiff in this action, yet it now seeks dismissal. This position is facially contradictory and frivolous, and the Court should deny Verna Texas's motion to strike on this basis alone.[3]

## VII. CONCLUSION

For the foregoing reasons, Alert Media respectfully requests the Court deny the Motions to Dismiss and Motions to Strike Third Party Complaint with respect to Mr. Luis M. Ortiz (Dkt. 32), Mr. Kermit D. Lopez (Dkt. 33), and Verna Texas (Dkt. 35), and any other relief the Court deems appropriate.

---

[3] Alert Media opposed *substitution* of Plaintiff with Verna Texas but did not oppose *joinder* of Verna Texas with Plaintiff. (Dkt. 20.)

Dated: May 28, 2024                                FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Philip G. Brown
    pgbrown@fr.com
    Texas Bar No. 24132695

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on May 28, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay